Pearson, J.
 

 When property is attached under a proceeding against an absent debtor, and a third person lays claim to it, a summary mode of trying the right of property is provided by statute, and it is enacted, “ the verdict of the jury in such case shall be
 
 conclusive as to the parties then in Court,
 
 and the Court shall give judgment accordingly.” Rev. Stat. ch. 6, sec. 14.
 

 His Honor was of opinion that the effect of this enactment tvas to deprive both parties of the right of appeal. There is error. No reason can be suggested why the general right of appeal should be taken away in such cases
 
 ;
 
 and it is clear that the clause under consideration was introduced from abundance of caution, so as to leave no room for a doubt that this summary and collateral mode of trying the right of property, should have the same conclusive effect as to the parties then in Court, as if the question had been presented upon an issue joined in an action commenced in the usual way. And it may have been introduced for the further purpose of declaring expressly that the effect of the judgment should be confined to the parties then in Court, arid not be extended so as to include the absent debtor. As the Act directed
 
 *205
 
 a mode of proceeding unknown to the common law, it was deemed proper to say who were to be bound by
 
 it;
 
 but in doing so, there is not the slightest intimation of an intention to take away the right of appeal.
 

 The judgment must be reversed, and this opinion will be certified.
 

 Per Curiam. Judgment reversed.